IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE UKRAINE ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| PHARMACEUTICAL SOLUTION, INC. ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged customs violations.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application

of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 9/3/08

Application
for the assignment of legal aid.

Cherkasy Regional Branch of Security Service of Ukraine assures its respect to the competent bodies of the USA and addresses with the petition for the assignment of legal aid in investigation of criminal case №427, which is investigated by the Investigatory Department of Cherkasy Regional Branch of Security Service of Ukraine on the fact of smuggling through the customs border of Ukraine of pharmaceutical preparations by the total cost of 3209043,94 grn. that is according to the signs of the crime specified in Article 201 part 1 of the Criminal Code of Ukraine (Smuggling).

**Article 201. Smuggling.**

1. Smuggling that is goods moving through customs border of Ukraine outside of the customs control or with concealment from the customs control in large sizes included illegal moving of historical and cultural values, poisonous, drastic, radioactive or explosives, and the weapon and ammunition (except for the smooth-bore hunting weapon and ammunition to it), and so itself smuggling of strategically important raw goods concerning which the legislation is established the appropriate export rules behind the borders of Ukraine, -

it is punished by imprisonment term from three to seven years with confiscation of subjects of smuggling.

2. The same actions, which are accomplished for previous plot by a group of persons or the person, who was earlier convicted for a crime, stipulated by this article, -

are punished by imprisonment term from five to twenty years with confiscation of subjects of smuggling and with confiscation of property.

Note: Smuggling of goods in large sizes is considered accomplished if the value of the goods in one thousand and more times exceeds a tax-free minimum of citizens incomes .

In course of the investigation it was found out that within the period from October, 03, 2005 to May, 10, 2006 on realization of the external economic contract № 1102-04 from February, 11, 2004 which was made between open corporation (OC) "Monpharm", on behalf of director Chernjaev S.V., and the company " PHARMACEUTICAL SOLUTION, INC. " (40 Rector Street, Suite 1502, New York, NY 10006 USA) on behalf of Dvoskin I.I., on the customs territory of Ukraine through Yagodyn and Boryspil custom-houses under documents: CMR, Carnet TIR, invoice, on the address of OC "Monpharm" was imported: 03.10.2005 the goods - "pharmaceutical substance Postsyn-N-Butylbromid " by cost of 3700 US dollars (at the rate of National Bank of Ukraine on 03.10. 2005 - 18685 grn.); 19.01. 2006 the goods - " remedy Vitepsol W35 ", by cost of 1444.8 euro (8846.69 grn..); 03.03. 2006 the goods " pharmaceutical substance Fluconazol ", by cost of 44550 euro (268195.68 grn.); 10.05. 2006 the goods " remedy Vitepsol W35 ", by cost of 6501.6 euro (41658.61 grn.).

Also in the period from 27.06. 2006 to 15.05.2007 on realization of the external economic contract № 0304-06 from 03.04.2006, which was signed between OC "Monpharm", on behalf of director Chernjaev S.V. and the company " PHARMACEUTICAL SOLUTION, INC. ", on behalf of Dvoskin I.I., on customs territory of Ukraine through Yagodyn and Boryspil custom-houses under documents: CMR, Carnet TIR, invoice, on the address of OC "Monpharm" it was imported: 27.06 2006 the goods " remedy Vitepsol W35 ", by cost of 26832 euro (170203.56 grn.); 20.07. 2006 the goods "pharmaceutical substance Laevomycetini", by cost of 123000 US dollars (621150 grn.); 28. 08. 2006 the goods " solid adipose DUB PP C3 ", by cost of 41280 euro (267084.08 grn.); 28. 08. 2006 the goods "substance Streptocidum BPC 68 ", by cost of 10000 US dollars (50500 grn.); 19.09. 2006 the goods " solid adipose DUB PP C3 ", by cost of 51600 euro (330024.57 grn.); 23.11.2006 the goods "Belladonna foliage extract rich alcoholic 1.5 % ", by cost of 26000 US dollars (131300 grn.); 30.01. 2007 the goods " solid adipose DUB PP C3 ", by cost according to the given documents 30960 euro (202017.25 grn.); 30.01.2007 the goods " substance Streptocidum ", by cost of 10000 US dollars (50500 grn.); 08.02. 2007 the goods " pharmaceutical substance Ketotifen fumarate ", by cost of 6320 US dollars (31916 grn.); 30.01.2006 the goods "pharmaceutical substance Vismut Nitrate the basic ", by cost of 22230 euro (148521.96 grn.); 10.04. 2007 the goods "solid adipose DUB PP C3 ", by cost of 30960 euro (209084.18 grn.); 14.05.2007 the goods "pharmaceutical substance Atenolol", by cost of 12500 US dollars (63125 grn.); 14.05. 2007 the goods "solid adipose DUB PP C3 ", by cost of 64560 euro (439681.36 grn.) and 15.05. 2006 the goods "pharmaceutical substance Vismut Nitrate the basic ", by cost of 31000 US dollars (156550 grn.).

The total cost of pharmaceutical production which was transferred through customs border of Ukraine on the address of OC "Monpharm " for performance of contracts №1102-04 from 11.02. 2004 and № 0304-06 from 03.04. 2006 is - 3209043.94 grn.

2

According to the information of Immigration and Customs Investigations Department of General Consulate of the USA, according to the results of search in the state and governmental database of the USA, the information concerning the company " PHARMACEUTICAL SOLUTION, INC. " (40 Rector Street, Suite 1502, New York, NY 10006 USA) was not revealed. According to the results of search in a database of the Corporate Department of New York (state) the information concerning the mentioned company is also absent. There is no information concerning this company in a database of Immigration and Customs Investigations Department.

Above-mentioned testifies that officials of OC "Monpharm" have smuggled goods through customs border of Ukraine, so they have committed a crime, stipulated by Article 201 part 1 of the Criminal Code of Ukraine.

*Persons involved:*

1. Mr. Dvoskin I.I.

The investigator does not have any additional information concerning Mr. Dvoskin I.I., except the documents where he is mentioned as a person who signed contracts on behalf of " PHARMACEUTICAL SOLUTION, INC. " (40 Rector Street, Suite 1502, New York, NY 10006 USA, (212) 587-0960 FAX: (212) 587-1924 E-MAIL: PROTAXSERV@AOL. COM).

2. Commercial structures "PHARMACEUTICAL SOLUTION, INC. " (40 Rector Street, Suite 1502, New York, NY 10006 USA).

The investigator does not have any additional information concerning the given structure except the fact that according to the above-mentioned contracts № 1102-04 from 11.02. 2004 and № 0304-06 from 03.04. 2006 signed between OC "Monpharm" and " PHARMACEUTICAL SOLUTION, INC. ", the latter is a supplier of pharmaceutical production and the address of the company is "2167 EAST 21 STREET BROOKLYN, NY 11229". Except that there are data of the case in the materials which specify that office of Corporation is registered in New Castle (Delaware state), and the constant representative of the Corporation is Delaware Professional Service Corporation.

3. Chernjaev Svjatoslav Volodymyrovych.
Date of birth: ▮
    The birthplace: ▮
    Citizenship: citizen of Ukraine
Sex: male
The passport of the citizen of Ukraine: ▮ issued ▮ by Dzerdzynskyi RD of the Department of Minister of Home Affair of Ukraine in Kharkiv
The address: ▮

3

4. OC "Monpharm", a code of National State Register of Ukrainian Enterprises and Organizations ▮▮▮▮▮ the address: Str. Zavodska, 8 Monastyrysche Cherkasy region; p/p ▮▮▮▮▮ in Branch of joint-stock commercial bank "Zoloti Vorota" Kyiv ▮▮▮▮▮ (JSC "Monpharm" Ukraine, 19100, Monastyrysche, Cherkassy reg. str. Zavodskaya, 8 Branch SKB "Zoloti vorota" Kyiv Account № ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ code of ▮▮▮▮▮ ▮▮▮▮▮ director Chernjaev Svjatoslav Volodymyrovych.

On the basis of the above-stated Cherkasy Regional Branch of Security Service of Ukraine applies for the assignment of legal aid by the competent bodies of the USA according to the agreement between the United States of America and Ukraine about mutual legal aid in the investigation of criminal cases signed July, 22, 1998 in Kyiv.

*Necessary help:*

The Investigator suspects that OC "Monpharm" did not make the agreement with "PHARMACEUTICAL SOLUTION, INC." and economic operation on import of pharmaceutical production was accomplished with the purpose the reduction of payments at customs clearance of cargoes in the territory of Ukraine.

*The Investigator needs such information:*

1. Whether the commercial structures "PHARMACEUTICAL SOLUTION, INC.", its address: 1) 40 Rector Street, Suite 1502, New York, NY 10006 USA"; 2) 2167 EAST 21 STREET BROOKLYN, NY 11229, 3) Its office is in New Castle, (Delaware state), and the constant representative of the Corporation is Delaware Professional Services Corporation, is registered in the United States, if so, whether Dvoskin I.I. is the director or is a member of founders of "PHARMACEUTICAL SOLUTION, INC."? Whether citizens of Ukraine are among its members or founders, if so, specify their full biographical particulars?

2. Whether contracts № 1102-04 from 11.02. 2004 and № 0304-06 from 03.04. 2006 were made by officials of "PHARMACEUTICAL SOLUTION, INC." (USA) on behalf of Dvoskin I.I. with officials of OC "Monpharm (Ukraine) on behalf of Chernjaev S.V.?

3. Copies of documents certified by a seal of the state body of the USA on registration of " PHARMACEUTICAL SOLUTION, INC. "

4. Besides that, the investigator needs a photo and examples of handwriting of Mr.Dvoskin I.I. (and in case if Mr.Dvoskin I.I. points out another person who signed the contracts № 1102-04 from 11.02. 2004 and № 0304-06 from 03.04. 2006 on behalf of his name, then the examples of that person's handwriting are necessary), photos of other top-managers and founders of the company " PHARMACEUTICAL SOLUTION, INC. ", and also examples of a seal print of the company " PHARMACEUTICAL SOLUTION, INC. ". If the qualitative photos of Mr. Dvoskin I.I. and other top-managers and founders of the company "

4

PHARMACEUTICAL SOLUTION, INC. " are received by the investigator, he will within the framework of the given criminal case, on the basis of Article 174 of the Criminal Codes of Ukraine present photos of these persons for identification to witnesses. If the investigator receives experimental examples of handwriting of Mr. Dvoskin I.I. and other founders of the company " PHARMACEUTICAL SOLUTION, INC. ", and also a seal prints of the mentioned company, on the basis of the Article 75 of the Criminal Codes of Ukraine and within the framework of the given criminal case he will set judicial handwriting and judicial technical-criminalistic examinations accordingly.

5. Whether " PHARMACEUTICAL SOLUTION, INC. "carried out its financial and economic activity from February, 1, 2004 till today, if so, what was it?

6. Whether " PHARMACEUTICAL SOLUTION, INC. " has received payment after contracts № 1102-04 from 11.02. 2004 and № 0304-06 from 03.04. 2006, made with OC "Monpharm", if so, when, on the basis of which documents from whom, and what was the bank account, whether the payment was carried out completely and under what circumstances?

*Necessary evidences:*

If during performance of the given petition Mr. Dvoskin I.I., other top-managers, founders or workers of " PHARMACEUTICAL SOLUTION, INC. " will be established, then it is necessary to interrogate them as witnesses after the following questions:

- whether the witnesses know OC "Monpharm" and its officials, if so, who, under what circumstances and what connection they got acquainted in?

- whether contracts № 1102-04 from 11.02. 2004 and № 0304-06 from 03.04. 2006 were made between " PHARMACEUTICAL SOLUTION, INC. " and OC "Monpharm" if so, then under what circumstances, what the main provisions are of the contract who acted as the representative of each of the parties, who signed the contracts?

-whether the payment on the address of the company " PHARMACEUTICAL SOLUTION, INC. ", under contracts № 1102-04 from 11.02. 2004 and № 0304-06 from 03.04. 2006, was done, if so, from whom, when, on the basis of what documents, under what circumstances, from what bank account and whether it was payment in full?

*Procedure of performance of inquiry:*

1. Concerning the registration of " PHARMACEUTICAL SOLUTION, INC. " in the period from February, 1, 2004 in the United States of America to receive copies of registration documents, with the help of sending inquiries to the appropriate authorities where it is necessary to specify file number, Article on the basis of which the USA law enforcement body has the right to receive the above-mentioned information.

5

2. Concerning the photos of officials of " PHARMACEUTICAL SOLUTION, INC. " to send inquiry to the appropriate authorities in which it is necessary to specify file number, Article on the basis of which the USA law enforcement body has the right to receive the above-mentioned information.

3. Concerning reception of examples of officials' handwriting of the company "PHARMACEUTICAL SOLUTION, INC" and prints of the mentioned structure seal to show the appropriate decisions that are added to the given petition, and applying norms of the USA which regulate the order of reception experimental examples of handwriting and seal prints to get the above-mentioned examples. Thus before getting experimental examples of handwriting and seal prints it is necessary to show the appropriate decision which is added to the given petition to the person who will be received from such examples. After familiarization with the decision, the specified person assures the fact of this decision presentation to him (her) by his (her) signature with the indication of the name and a surname in the appropriate column of the presented decision. Then the witness sitting at the table in a pose convenient for him (her), writes 5 pages of text of format A4, that were chosen by him (her), 5 pages of format A4 with his (her) signatures indicating surname, name and patronymic and 5 pages of format 4 with figures. It is necessary to specify that inscriptions should be put on all area of a page and be of such sizes that the witness usually uses in his life. It is necessary to lay 20 sheets of the same size under the sheet of paper on which the experimental examples will be represented. Then the report has been making up about obtaining of experimental examples of handwriting in which the place and date of its drawing up is noted; positions and surnames of the persons who are carrying out the action; the matter of the action, time of its beginning and ending; the grounds for obtaining of the examples. The report must be read to all persons who took participation in realization of action, thus their right to rebuke should be explained to them. The specified persons may familiarize with the report personally. Inserts and amendments should be introduced in the report before signatures. The report is to be signed by the person who carried out the action and also the translator if he (she) was present, and other persons who were present or took participation in realization of this action. If anybody of these persons can not sign the report personally because of his (her) physical defects or some other reasons then an outsider is invited for signing the report. The sheets of paper with obtaining of experimental examples of handwriting and prints of a seal on which in the bottom should be signature of the person who obtained these examples and the person whom these examples were obtained from are filed to the report. If the person who took participation in realization of action refuses to sign the report it is underlined in the report and is affirmed by the signature of the person who carried out the action.

4. Concerning the realization of witness interrogation and preparation of interrogation results it is necessary to address to the appropriate bodies of the USA with the request to make the following:
- to start interrogation with establishment of surname, name and patronymic, the current address, date and the birthplace of the witness;

6

- to inform the witness, that he (she) has the right to refuse to give answers to questions concerning himself (herself) and members of his (her) family or close relatives. Also it is necessary to inform the witness, that he (she) may be involved in the criminal liability for inveracious answers to all other questions;

- to put those question on which it is necessary to receive answers;

- to draw up all above-mentioned information as the report of witness interrogation. The report should contain: 1) time of the beginning and ending of interrogation, the place of its realization, who carried out the interrogation, biographical particulars, that are given by the witness; 2) the instruction that the competent body of the USA has informed the witness that he (she) has the right not to give answers to the questions concerning himself (herself), members of his (her) family or close relatives, but answers to all other questions should be truthful, otherwise he (she) may be involved in the criminal liability; 3) questions which were put on and answers which were received on these questions: 1) to read the questions and answers which were written down to the witness or 2) to ask the witness to familiarize personally with all questions and answers which were entered in the minutes;

- it is necessary to specify in the report of interrogation whether the representative of competent body of the USA has read out the questions and answers to the witness or the witness has familiarized with them personally;

- each sheet of the report of witness interrogation should be signed by the person who gave his (her) deposition evidence. Then the report is signed by the representative of the competent body of the USA who carried out interrogation.

Taking into consideration that the terms of preliminary investigation on the case are limited, the investigatory body of Ukraine applies with the request for assignment of urgent legal help for fulfillment of this inquiry.

The investigatory body of Ukraine also asks the appropriate bodies of the USA to keep confidentiality of this inquiry as far as it is possible according to the legislation of the USA otherwise the disclosure of this inquiry information may complicate the process of collecting of proofs for identifying the persons involved in smuggling goods through customs border of Ukraine.

The investigatory body of Ukraine in its turn assures the competent bodies of the USA that the data and the information received during performance of inquiry will be used only for investigation of this criminal case and its hearing in court.

7

The given criminal case does not pursue any political ends.

*Contact telephone :*

If any questions concerning this inquiry or its fulfillment emerge, it is necessary to contact the investigator Dvorkovy Oleg Oleksandrovych, his tel.: ( 0472) 45-28-15, fax: (0472) 45-90-37.

We ask to send all documents received during performance of inquiry to the address: 240, Gogolya str., 18000 Cherkasy, Ukraine.

Addition:
- the Decision about obtaining experimental examples of handwriting of Mr. Dvoskin I.I. from 07.03. 08., at 1 p.;
- the Decision about obtaining experimental examples of handwriting of the official person of "PHARMACEUTICAL SOLUTION,INC." from 07.03. 08, at 1 p.;
- the Decision about obtaining experimental examples of seal prints of "PHARMACEUTICAL SOLUTION,INC." from 07.03. 08, at 1 p.;
- a copy of agreement № 1102-04 from 11.02.2004, at 5 p;
- a copy of contract № 0304-06 from 03.04.2006, at 5 p.,
- a copy of certificate of "PHARMACEUTICAL SOLUTION, INC." at 1 p. , which Chernjaev S.V. added to his report as a witness;
- a copy of the regulations of "PHARMACEUTICAL SOLUTION, INC." at 14 p., which Chernjaev S.V. added to his report as a witness, in total - at 28 pages.

The Chief of the Investigatory Department  
of Cherkasy Regional Branch of Security Service of Ukraine  
the colonel of justice                        A.I.Rjabets  
March 17, 2008

8

# The DECISION
## about receiving experimental examples of a seal print

Cherkasy                                                                                                    March, 07, 2008

The senior investigator of the Investigatory department of Cherkasy Regional Branch of Security Service of Ukraine the senior lieutenant of justice Dvorkovy O.O., having considered materials of criminal case № 427, which was commenced by the criminal proceedings stipulated by Article 201 part 1 of the Criminal Code of Ukraine, -

### HAS ESTABLISHED:

for purpose of setting of technical-criminal documents examination within the framework of the given criminal case, it is necessary to receive experimental examples of a seal print of the company " PHARMACEUTICAL SOLUTION, INC. " which is used during making up of the contracts with other subjects of business activity.

On the ground of the above-stated being guided by Articles 114, 130, 199 of the Criminal Code of Ukraine, -

### HAS DECIDED:

to receive experimental examples of a seal print of the company "PHARMACEUTICAL SOLUTION, INC." which is used during making up of the contracts with other subjects of business activity.

The senior investigator of the Investigatory Department of
Cherkasy Regional Branch of Security Service of Ukraine
The senior lieutenant of justice                                                                       O.O.Dvorkovy

The decision is presented to me: _____ 200_ year

_____
( the signature of the person whom the decision is presented)

## THE DECISION
### about receiving experimental examples of handwriting

Cherkasy, March, 07, 2008

The senior investigator of the Investigatory department of Cherkasy Regional Branch of Security Service of Ukraine the senior lieutenant of justice Dvorkovy O. O., having considered materials of criminal case № 427, which was commenced by criminal proceedings stipulated by Article 201 part 1 of the Criminal Codes of Ukraine, -

### HAS ESTABLISHED:

For purpose of setting judicial handwriting examination within the framework of the given criminal case it is necessary to receive experimental examples of handwriting as a text, signatures and figures of the witness Dvoskin I.I., who is an official representative of the company "PHARMACEUTICAL SOLUTION, INC." and signed agreements №1102-04 from 11.02.04 and № 0304-06 from 04.04.2006 with open corporation "Monpharm" (8, Zavodska str., Monastyrysche 19100 Cherkasy oblast, Ukraine, code of ▮▮▮▮▮▮▮▮▮

On the basis of the above-stated, being guided by Articles 114, 130 and 199 of the Criminal Code of Ukraine, -

### HAS DECIDED:

To receive experimental examples of handwriting as a text, signatures and figures of the witness Dvoskin I.I., who is an official representative of the company "PHARMACEUTICAL SOLUTION, INC." and signed agreements №1102-04 from 11.02.04 and № 0304-06 from 04.04.2006 with open corporation "Monpharm" (8, Zavodska str., Monastyrysche 19100 Cherkasy oblast, Ukraine, code of ▮▮▮▮▮▮▮▮▮

The senior investigator of the Investigatory Department
of Cherkasy Regional Branch of Security Service of Ukraine
the senior lieutenant of justice                                            O.O.Dvorkovy

The decision is presented to me _____ 200_

_____
( the signature of the person whom the decision is presented)

**THE DECISION**
**about receiving experimental examples of handwriting**

Cherkasy,                                                                                                     March, 07, 2008

The senior investigator of the Investigatory Department of Cherkasy Regional Branch of Security Service of Ukraine the senior lieutenant of justice Dvorkovy O. O., having considered materials of criminal case № 427, which was commenced by criminal proceedings stipulated by Article 201 part 1 of the Criminal Code of Ukraine,-

**HAS ESTABLISHED:**

For purpose of setting judicial handwriting examination within the framework of the given criminal case it is necessary to receive experimental examples of handwriting as a text, signatures and figures of the witness – an official person of the company "PHARMACEUTICAL SOLUTION, INC.", whom Dvoskin I.I. will point out at as a person, who signed agreement №1102-04 from 11.02.04 and № 0304-06 from 04.04.06 with open corporation "Monpharm" (8, Zavodska str., Monastyrysche 19100 Cherkasy oblast, Ukraine, code of the Single State Register of Enterprises, Organizations and Establishments 00374870).

On the basis of the above-stated, being guided by Articles 114, 130 and 199 of the Criminal Code of Ukraine, -

**HAS DECIDED:**

To receive experimental examples of handwriting as a text, signatures and figures of the witness - an official person of the company "PHARMACEUTICAL SOLUTION, INC.", whom Dvoskin I.I. will point out at as a person, who signed agreement №1102-04 from 11.02.04 and № 0304-06 from 04.04.06 with open corporation "Monpharm" (8, Zavodska str., Monastyrysche 19100 Cherkasy oblast, Ukraine, code of the Single State Register of Enterprises, Organizations and Establishments 00374870).

The senior investigator of the Investigatory Department
of Cherkasy Regional Branch of Security Service of Ukraine
The senior lieutenant of justice                                                                         O.O.Dvorkovy

The decision is presented to me _____ 200_

_____
( the signature of the person whom the decision is presented)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM THE UKRAINE )
IN THE MATTER OF ) Misc No. 08-
PHARMACEUTICAL SOLUTION, INC. )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.

_____
United States District Court Judge

2